## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2019 MAR 11 PM 1:30
U.S. DISTRICT COURT
DISTRICT OF MASS.

Jose DelaCruz

   Plaintiff,

V.

Thomas A. Turco III,
Carol A. Mici,
Douglas Cabral,
Joy Gallant,
Thomas N. Neville,
Kristyn Camilleri,
Harold W. Clarke,
Luis S. Spencer,
Karen L. Dinardo,
Ronald Boivin,
Peter A. Pepe Jr,
Michael Sedgwick,
Cynthia Briggs,
Donna Sweeney,
  *In their Official & Individual Capacities*
   Defendants.

Civil Action No.

**Complaint for Jury Trial**

1.    Jurisdiction is asserted pursuant to U.S.C.§ 1983

A.    Plaintiff is Convicted and sentenced state prisoner.

2.    Plaintiff has one Previously Dismissed Federal Civil Actions or Appeals.

   a.    Parties to previous lawsuit:
      Plaintiff: JOSE DELACRUZ
      Defendants LUIS S. SPENCER & CAROL MICI

   b.    Court and docket number: District of Massachusetts   13-cv-10327-DJC

   c.    Grounds for dismissal Complaint was deemed frivolous

2

      d. Approximate date of filing lawsuit: March 17, 2013

      e. Approximate date of disposition: January 13, 2015

3.   Place of Present Confinement is:
New Jersey State Prison
3rd & Federal St.
P.O. 861
Trenton, NJ 08625

4.   Parties

A.   Names of Plaintiff: Jose DelaCruz
Address: P.O. Box 861
Trenton, New Jersey 08625

Inmate#: 641441/SBI#Os01612647

B.   First Defendant name: Thomas A. Turco III
Official position: Commissioner

Place of employment: Massachusetts Department of Correction

Defendant Thomas A. Turco III, (herein Turco) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Turco has violated Plaintiffs right to the 6th and 14th Amendment.

C.   Second defendant - name: Carol A. Mici
Official position: Deputy Commissioner
Place of employment: Massachusetts Department of Correction

Defendant Carol A. Mici (herein Mici) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Mici has violated Plaintiffs right to the 6th and 14th Amendment.

D.   Third defendant:
Name: Douglas Cabral
Official position: Manager County, Federal and Interstate Classification Division

Place of Employment: Massachusetts Department of Correction

3

Defendant Douglas Cabral (herein Cabral) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Cabral has violated Plaintiffs right to the 6th and 14th Amendment.

E. Fourth defendant:
Name: Joy Gallant
Official position: Manager County, Federal and interstate unit Classification Division.

Place of Employment: Massachusetts Department of Correction.

Defendant Joy Gallant (herein Gallant) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Gallant has violated Plaintiffs right to the 6th and 14th Amendment.

F. Fifth defendant:
Name: Thomas N. Neville
Official position: Deputy Director of Classification
Place of employment: Massachusetts Department of Correction

Defendant Thomas N. Neville (herein Neville) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Neville has violated Plaintiffs right to the 6th and 14th Amendment.

G. Sixth defendant:
Name: Kristyn Camiller
Official position: Education Division
Place of employment: Massachusetts Department of Correction

Defendant Kristyn Camiller (herein Camiller) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Camiller has violated Plaintiffs right to the 6th and 14th Amendment.

H. Seventh defendant:
Name: Harold W. Clarke
Official position: Former Commissioner
Place of Employment: Massachusetts Department of Correction

4

Defendant Harold W. Clarke is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Clarke has violated Plaintiffs right to the 6th and 14th Amendment.

I.     Eighth defendant:
Name: Luis S. Spencer
Official Position: Former Commissioner
Place of Employment: Massachusetts Department of Correction

Defendant Luis S. Spencer is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Spencer has violated Plaintiffs right to the 6th and 14th Amendment.

J.     Ninth defendant:
Name: Peter A. Pepe Jr
Official Position: Superintendent of Concord MCI
Place of Employment: Massachusetts Department of Correction

Defendant Peter A. Pepe Jr. (herein Pepe) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Pepe has violated Plaintiffs right to the 6th and 14th Amendment.

K.     Tenth defendant:
Name: Cynthia Briggs
Official Position: Classification board member
Place of Employment: Massachusetts Department of Correction

Defendant Cynthia Brigs (herein Briggs) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Briggs has violated Plaintiffs right to the 6th and 14th Amendment.

L.     Eleventh defendant:
Name: Michael Sedgwick
Official Position: Classification Board Member
Place of Employment: Massachusetts Department of Correction

Defendant Michael Sedgwick (herein Sedgwick) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Turco has violated Plaintiffs right to the 6th and 14th Amendment.

M. Twelfth defendant:
Name: Ronald Boivin
Official Position: Security board member for Classification
Place of Employment: Massachusetts Department of Correction

Defendant Ronald Boivin (herein Boivin) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Turco has violated Plaintiffs right to the 6th and 14th Amendment.

N. Thirteenth defendant:
Name: Karen L. Dinardo
Official position: Deputy Superintendent
Place of Employment: Massachusetts Department of Correction

Defendant Karen L. Dinardo (herein Dinardo) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Dinardo has violated Plaintiffs right to the 6th and 14th Amendment.

O. Fourteenth Defendant
Name: Donna Sweeney
Official Position: New Jersey interstate coordinator
Place of Employment: New Jersey Department of Correction

Defendant Donna Sweeney (herein Sweeney) is responsible for the Plaintiff's out of State transfer and seeing that Plaintiff receives meaningful access to Massachusetts Courts. Defendant Sweeney has violated Plaintiffs right to the 6th and 14th Amendment.

5. I previously have sought formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims. Plaintiff's has exhausted all remedies with the New Jersey Department of Correction to no avail and



was forward to Massachusetts Department of Correction. Where he exhausted all remedies to no avail.

6. Statement of Claims:

> **CLAIM 1 - Lack Of Access - Plaintiff Was/Is Denied Access To Massachusetts Courts And Case Law, He Should Have Been Sent Back To Massachusetts Department Of Corrections And Giving Access To Their Law Library And Personal Who Are Trained To Assist Massachusetts Prisoners With Their Cases. Therefore Defendants Violated Petitioner 6 And 14 Amendment Rights**

1. On May 21, 2009, the Plaintiff was convicted and sentenced to life without parole, with a 4 to 5 year sentence running concurrent. In Suffolk County Superior court, Boston, Massachusetts. Plaintiff was committed to and transfer to the Massachusetts Department of Correction at Concord. Due to the Institution policy, since the Plaintiff was a newly committed lifer. He was retained to the Special management unit. (The hole) Awaiting a fast track transfer to a maximum-security facility.

2. The Plaintiff contends that although the library at New Jersey State Prison was adequate to ensure his access to the New Jersey courts, it was not adequate to ensure his access to the Massachusetts courts. As the following will lay out it is beyond dispute that the New Jersey State Prison library itself lacks the Massachusetts materials necessary to ensure meaningful access to the Massachusetts courts. It is firmly established that "prisoners have a constitutional right of access to the courts. "The access must be "meaningful," and correctional authorities must provide "prisoners with adequate law libraries or adequate assistance from persons trained in the law." The Plaintiff must be provided with the prearrangement of either an adequate library or adequate assistance is necessary. Plaintiff DelaCruz alleges that he was provided with neither.

7



3. Because specific citations are required to put a sound legal argument together access materials from the State of Massachusetts Department of Corredctions are necessary. Plaintiff argues that New Jersey State Priosn library does not satisfy constitutional requirements. Futhermore it is doubtful that many lawyers and judges could do minimally adequate research if they were required to request materials by mail via specific citations as the defendants in this action require of Plaintiff. Requiring Pliantiff prior identification of specific volumes is "suspect," because 'it is unrealistic to expect a prisoner to know in advance exactly what materials he needs to consult." Therefore defendants requiring provision of "precise citations . . . is obviously a Catch 22. .

4. Plaintiff continually is in need of adequate assistance from persons trained in Massachusetts law. The Inmate Legal Association (herein I.L.A.) [ I.L.A. is a prison based legal clinc] declined to assist the Plaintiff because it could not work on criminal appeals or on matters involving Massachusetts law. The Plaintiff actively sought legal assistance, but fell through the cracks in the system through no fault of his own.

5. Under these circumstances, having given Plaintiff access to neither assistance by persons trained in the law nor adequate Massachusetts legal materials, the Defendants cannot be deemed to have provided meaningful access to the Massachusetts courts.

6. **(Exhibit Pa-1)** 7-27-09, Plaintiff's <u>Inmate Complaint Form</u> In which Plaintiff complained about his due process being violated and the lack of privileges he is being afforded. In which Deputy Supt. Karen L. DiNardo responded that Plaintiff was being held on Administrative Segregation due to his sentence.

7. **(Exhibit Pa-2)** 7-29-09, Plaintiff received a latter from Karen L. DiNardo informing Plaintiff the she received information by Central Classification that caused them concern for Plaintiffs safety if placed in Souza Baranowski

8

Correctional Center. Ms. DiNardo also abreast Plaintiff that he has been classified at MCI-Concord.

8. **(Exhibit Pa-3)** 8-5-09, Letter from Carol A. Mici to Plaintiffs attorney Charles K. Stephenson. Defendant Mici abreast Attorney Stephenson that her office was recently notified by personal at MCIConcord that Plaintiffs quality assurance was completed and his board is now pending review by her office. Once a final decision has been rendered, the Plaintiff will be notified by institutional staff.

9. **(Exhibit Pa-4)** 8-19-09, Letter from Defendant Peter A. Pepe, Jr. to Plaintiffs attorney Charles K. Stephenson. Defendant Pepe, abreast attorney Stephenson that Plaintiff is being held in the Special Management Unit due to concerns about his safety.

10. **(Exhibit Pa-5)** 4-27-10, Letter from Defendant Carol A. Mici. to Plaintiff, in which she abreast Plaintiff to his April 14th, 2010 letter to Commissioner Harold W. Clarke and his April letter to her office requesting a return to Massachusetts and access to Massachusetts Legal/Law materials. Defendant Mici informed Plaintiff that based on his recent transfer September 9th, 2009, and his February 18th, 2010 disciplinary report for fighting, and continued conflict issues in Massachusetts, Plaintiff shall remain in New Jersey at this time.

11. **(Exhibit Pa-6)** 5-12-10, Letter from Karen L. DiNardo to Plaintiff. Defendant DiNardo told Plaintiff that County and Interstate Manager Thomas Neville is the proper authority to review his request for his return to Massachusetts.

12. **(Exhibit Pa-7)** 6-22-10, Letter from Defendant Mici to Plaintiffs attorney Charles K. Stephenson, in which Defendant told Plaintiff lawyer that for his individual self-protection, he will not be allowed to return to his home state.

Defendant also told Plaintiffs lawyer that on April 27, 2010 a letter from her office was sent to Plaintiff addressing his Legal/Law materials issue.

13. **(Exhibit Pa-8)** 9-28-11, Letter to Defendant Mici from Plaintiff's attorney Charles K. Stephenson in which he in enclosed CORI forms completed by Plaintiff, requesting that information be released to Plaintiffs sister Fallon DelaCruz and Plaintiffs attorney information explaining ongoing placement in New Jersey State Prison, and his temporary transfer to Massachusetts, where the Plaintiff was held two weeks at MCI Ceder.

14. **(Exhibit Pa-9)** 9-28-11, Letter from Charles K. Stephenson to Defendant Mici, in which attorney Stephenson notified Defendant Mici that the Plaintiff was temporarily transported to MCI Ceder Junction, where he was held approximately two weeks and again transported to New Jersey.

15. **(Exhibit Pa-10)** 5-6-11, Letter from Defendant Donna Sweeney, who is the Supervising Administrative Analyst for the New Jersey Department of Corrections. This letter was sent to Plaintiff in reference his request for information in which she told Plaintiff that this information must be obtained from the Massachusetts Department of Corrections.

16. **(Exhibit Pa-11)** 5-12-11, Letter from Defendant Mici to Plaintiff in which Defendant Mici stated that she is receipt of Plaintiffs letter dated April 6, 2011 regarding his request to return to Massachusetts and a copy of Plaintiff's updated progree report from New Jersey authorities. She expressed that "we will continue to monitor" Plaintiffs adjustment. But he will will not be returned to Massachusetts at this time.

17. **(Exhibit Pa-12)** 8-8-11, Letter from Karen L. DiNardo in which she addressed that she was in receipt of Plaintiff August 1, 2011 letter documents (unspecified) regarding Plaintiffs Out of State transfer. DiNardo enclosed a copy of Plaintiffs classification sign off from the Transfer Board. DiNardo also forward a copy of

10

Plaintiffs letter to Tom Neville, County/Interstate Manager who according to DiNardo is the proper authority to address any of Plaintiffs out of state placement concerns.

18. **(Exhibit Pa-13)** 8-8-11, Letter from Defendant Sweeney to Plaintiff regarding Plaintiffs placement in New Jersey pursuant to the Corrections Compact. Defendant advised Plaintiff that "questions regarding any due process hearings or determinations that should have occurred shoud be addressed to the Massachusetts Department of Corrections," as Pliantiff remains in their legal custody.

19. **(Exhibits Pa-14)** 9-22-11, Letter from Defendant Thomas N. Neville the Deputy Director of Classification to Plaintiff advising that Plaintiff's letter dated May 2nd, 2011 regarding the Interstate Corrections Agreement and the reason for Plaintiffs transfer out of state has been referred to Defendant Neville for a response. Defendant Neville stated he enclosed a copy of the 103 DOC 419 Federal/Interstate Compact Policy. Defendant also stated that he attached a copy of Plaitiffs Classificaiton board decision which includes the rationale for your out of state transfer.

20. **(Exhibits Pa-15)** 3-23-12, Letter from Plaintiff to the Manager of Library Services, in which Plaintiff let the Manager of Library Services know that he was refered by Defendant Mici and Defendant Neville. In this request Plaintff need over 100 casese for research purposes.

21. **(Exhibit Pa-16 )** 4-18-12, Letter to Defendant Mici from Plaintiff. In this letter Plaintiff addressed his legal access issues stating that "for almost a year now-I have been sendind my Law/Legal request to the Manager of library services as you directed me to do, I received no response, then on April 17th, 2012, New Jersey State Prison, ifficials returned my last request for Law/Legal material sent to the Manager of library service, and on the envelop it states that my letter

cannot be delivered as addressed." Plaintiff further went on to state that Defendant Mici provided him with false information which has lead the Plaintiff to be denied legal access for approximately a year during a critical time in his criminal appeal. Plaintiff also stated that New Jersey is unable to accommodate his Law/Legal request and his seeks immediate retrn to his home jurisdiction so he may gain the legal acces required to file a meaningful appeal.

22. **(Exhibit Pa-17)** Plaintff returned letter addressed to the Manager of Library Services. As referenced in **(Exhibit Pa-6).**

23. **(Exhibit Pa-18)** 6-11-12, Letter from the Manager of Library Services Donna Godinmessier, in which she informed Plaintiff that his letter to Defendant Mici dated April 18, 2012 regarding access to legal materials and a return to Massachusetts was refered to her. She advised Plaintiff that his transfer out of state was in accordance with Massachusetts DOC 419 Federal/Interstate Compact Policy. She also let the Plaintiff know that the address previously provide to Pliantiff for request for legal materials is valid. She futher stated that it appears Plaintiff provided a P.O. Box as well as a street address when trying to mail his most recent request for legal materials, and this is why is was marked as undeliverable.

24. **(Exhibit Pa-19)** A G-183/S form: New Jersey State Prison Message Pad to Shurly Stephen from S. Lawens. Remark stated "get back to me asap".

25. **(Exhibit Pa-20)** 4-6-12, New Jersey Department of Correction Inmate Remedy System form from Plaintiff to New Jersey State Prison Admin. Charles Warren, in which Plaintiff addressed his needs for Massachusetts case law, and New Jersey State Prison does not carry this law. The response was Massachusetts will provide case law.

26. **(Exhibit Pa-21)** 7-20-12, New Jersey Department of Corrections Inmate Remedy System Form. From the Plaintiff to Suszanne Lawrence, in which the Plaintiff addressed his need for Massachusetts case law sent to litigate his criminal case becase New Jersey State Prison personel are unable to help Plaintiff. Plaintiff has submitted several passes to the New Jersey State Prison Law Library only to be told he can not be helped.

27. **(Exhibit Pa-22)** 4-6-12, Remedy Response from Law Library/Educational personal Dan Williams. In which Dan Williams stated **"As I explained to I/M. I do not nor am I compelled to Supply cases of Mass. Law. I told him that some of the specifics he was requesting would have to come from the Mass. Law Coordinator other cases as pecified would the research."**

28. **(Exhibit Pa-23)** 5-20-14, New Jersey Department of Correction Inmate Remedy System Form; Plaintiff once again reminded New Jersey Prison Personal that he was prepairing criminal and civil appeal all under the Jurisdiction of Massachusetts, which New Jersey Statep Prison dose not carry. Plaintiff was informed to put in a law library slip. Plaintiff also received an unreadable response.

29. **(Exhibit Pa-24)** 11-28-2016, Inquiry Ref# 275255, to New Jersey State Prison Education/Law Library to Supervisor of Education Francine Stromberg, in this inquiry Plaintiff stated "This has become a continuous problem that needs to be address ASAP. For the past 7 yeas this law library (NJSP) Has failed very badly to provide me with the proper access to Massachusetts state laws that include basic areas like The rules of court, guidelined of rule of evidences, Mass. Generl laws C.278 33E and ect. For me to argue my criminal case as well as civil. This has become a hardship for me and continue to having to ask the courts for time extension due this problem. is starting to to over bearing becase it up to the courts to grant is or not and leave me depending on a system that don't have the

13

tools I need to address the courts. I ask for this matter to be looked into. Thank you." In which the Supervisor of Education replied According to the law library associate, she was never asked about Massachusetts law. She would need to know what you need to put in an internet search to see if we may be able to help.

30. **(Exhibit Pa-25)** 12-09-16, Inquiry Ref#287173, from Plaintiff to Educational Supervisor Francine Stromberg. Plaintiff addressed his concerns that there was no paralegals who have knowledge in Mass. State laws to help Plaintiff argue and litigate his criminal case or give him advice. Ms. Stromberg adviced Defendant to write Donna Sweeney for the information he is seeking.

31. **(Exhibit Pa-26)** 12-13-16, Inquiry Ref# 291328, from Plaintiff to New Jersey State Prison Adminisration in which Jessica Smith responded "accorind to Donna Sweeney from Interstate Services. Ms. Kristyn Cailleri from Massachusetts has received and responded to your letter. You should expect to receive her response soon.

32. **(Exhibit Pa-27)** 12-16-16, Letter of Plaintiff addressed to Deputy Director of Classification Thomas N. Neville, in which Plaintiff addressed his concerns of not being provided with meaningful and effective access to the courts as <u>Casey v. Lewis</u>, 518 U.S. 343 116 s.Ct. 2174; and <u>Bounds v. Smith</u>, 430 U.S. 817 (1977). Plaintiff also let Mr. Neville, know that he had legal issues presently pending in the Massachusetts State court system.

33. **(Exhibit Pa-28)** 12-17-16, Grievence Ref#295303, Plaintiffs grievence to NJSP Administrator Steven Johnson, in which he informed him that the legal access provided at NJSP is not meaningful and effective. NJSP personal Jessica Smith responded to Plaintiff that he sould be receiveing a response in the mail from Kristyn Camilleri of Massachusetts very soon. NJSP Administrator responded "If you want to back to Massachusetts, you need to convey that to the Massachusetts DOC. We are very close to increasing the capacity of our law

14

library with more computoers and a new system. The content however will remain the same."

34. **(Exhibit Pa-29)** 12-28-16, Letter from Douglas Cabral Manager county, Federal & Interstate Unit Classification Division. In this letter he informed Plaintiff to contact Kristyn Camilleri, Paralegal for legal material, as well letting Plaintiff know that Mr. Neville no longer works for the Classificaion Division.

35. **(Exhibit Pa-30)** 1-3-17, letter from Donna Sweeney to Plaintiff in regards to Plaintiff letter dated December 16th, 2016 in which Donna Sweeney stated that Plaintiff letter was electronically forwarded to Massachusetts for review. She also informed Plaintiff that he should contact Kristyn Camilleri of Massachusetts Department of Corrections.

36. **(Exhibit Pa-31)** 1-6-17, Plaintiff's letter to Kristyn Camilleri in regards to grossly inadequate legal access to the Mass. Courts. Plaintiff also informed Kristyn Camilleri that he had pending litigation in the Mass. Courts.

37. **(Exhibit Pa-32)** 1-12-17, Letter from Kristyn Camilleri to Plaintiff in regards to his January 6th, 2017 letter. Kristyn Camilleri informed Plaintiff that she can provide Massachusetts case law, court rules, statutes, information from digest and practice manuals.

38. **(Exhibit Pa-33)** 1-20-17, Letter from Plaintiff addressed to Kristyn Camilleri in which Plaintiff requested Massachusetts Rules of Courts, Rules of Evidence and Guidelines of Evidence and the Massachusetts General laws (c).

39. **(Exhibit Pa-34)** 2-1-17, Letter from Kristyn E. Camilleri to Plaintiff in regards to his January 20th, 2017 letter. In which she advised Plaintiff that she can only respond to specific legal research request. She also provided Plaintiff with a copy

of the table of contents for each of the publications to assist in narrowing his request.

40. **(Exhibit Pa-35)** 2-16-17, Letter from Kristyn Camilleri to Plaintff in which she stated that she was in receipt of his correspondence dated February 6, 2017. She request that he use a table of contents of the publications that Plaintiff requested and that she cannot send Pliantiff an entire publication.

41. **(Exhibit Pa-36)** Undated letter from Plaintff to Camilleri in response to her February 16th, 2017 letter. Plaintiff informed her that (1) no research assistance is provided, (2) as a layman and pro se litigant one does not know what he is actually looking for. such a policy, custom and practice amounts to inadequate, ineffective, non-meaningful access to the law library and most of all the Courts.

42. **(Exhibit Pa-37)** 4-5-17, Letter from Kristyn E. Camilleri to Plaintiff informing Plaintiff that his request or entire legal publication can not be granted. Ms. Camilleri provided Plaintiff with a table of Contents.

43. **(Exhibit Pa-38)** 9-5-17, Letter from Plaintiff to Ms. Camilleri in which Plaintiff made reference to Ms. Camilleri April 5, 2017 correspondence. Plaintiff let Ms. Camilleri know that she failed to send him the Massachusetts General Laws. Plaintiff also requested Mass. General Law 278 § 33E, the rules for ineffective assistance, Direct appeal and motion for new trial "Rule 30".

44. **(Exhibit Pa-39)** 9-11-17, Letter from Kristyn Camilleri informing Plaintiff that she has sent him M.G.L. c.278§33E, annotations to the statute relating specifically to the issue ineffective assistance of counsel, Massachusetts Rules of Criminal Procedure Rule 30 "Post-conviction Relief," Massachusetts Rules of Appellate Procedure Rule 11 "Direct Appellate Review".

45. **(Exhibit Pa-40)** 10-31-17, Letter from Plaintiff to Ms. Camilleri in which he reference his September 27, 2017 letter requesting that she send him the Bill in which created the Cuneen's legislative intent. The Plaintiff also requested cases dealing with ineffective assistance of counsel. Where counsel raised the Cuneen factors of extreme, atrocity, and cruelty. Plaintiff also request Commonwealth v. Martin (Feb. 26, 2004) 467 Mass. 4 NE. 3d 1236, 2014 Mass. Lexis 32.

46. **(Exhibit Pa-41)** 11-14-17, Letter from Kristyn Camilleri to Plaintiff in which she stated that she received his letter dated October 31, 2017. She mentioned that she did not receive his request of a copy of the Bill in which created the Cunneen's legislative intent. But She included Commonwealth v. Cunneen.

47. **(Exhibit Pa-42)** 12-8-17, Letter from Plaintiff to Thomas A. Turco III, in which the Plaintiff requested the Bill in which created the Cunneen's legislative inten. As well as Plaintiff's request for cases dealing with ineffective assistance of counsel.

48. **(Exhibit Pa-43)** 12-10-17, Letter from Pliantiff to Kristyn Camilleri in which Plaintiff once again refrenced his September 27, 2017 letter where Plaintiff requested a copy of the final language of the Bill which put into law Cunneen's legislative intent on it usage, and Plaintiffs request for cases dealing with ineffective assistance of counsel. Plaintiff also remined Camilleri that she had an obligation, along the New Jersey Department of Corrections to ensure that Plaintiff has access to adequate, meaningful and effective research and assistance in litigation. Colectively Massachusetts and New Jersey Department of Correction are acting in bad faith.

49. **(Exhibit Pa-44)** 12-10-17, Letter of Plaintiff to Thomas A. Turco III, in which Plaintif sent a copy of a letter mailed to Ms. Kristyn Camilleri. In this lett Plaintiff addressed his problems that there are countinous undue delays. Plai

17

brought to the Turco attention that the length of time it takes to communicate and receive requested information is thwarting his access to the Mass. Courts.

50. **(Exhibit Pa-45)** 12-28-17, Letter from Kristyn Camilleri to Plaintiff, in short Camilleri told Plaintiff that see can not provide legislative bills are not available on her database.

51. **(Exhibit Pa-46)** 4-5-18, Letter from Plaintiff to Thomas A. Turco in which Plaintiff brought to Turco attention that Kristyn Camilleri informed Plaintiff that her onligation is to supply Plaintiff with legal material that are avaibale to Massachusetts inmates, and that she is not required to send him Bills with the legislative intent. Plaintiff also asked that he be sent back to Massachusetts due to hard ship and lack of legal access.

52. **(Exhibit Pa-47)** 4-24-18, Letter from Joy Callant to Plaintiff in which she refrenced Plaintiff April 5th, 2018 letter to Commissioner Thomas A. Turco III, regarding access to material and request to MADCO. She insisted that Plaintiff her department is in accordance 103 CMR 478 Library Services and that Plaintiff out of state placement remains appropriate at this time.

53. **(Exhibit Pa-48)** 5-9-18, Letter from Plaintiff to Thomas A. Turco, in which Plaintiff asked that he be allowed to appeal the decision of being kept out of state, and that is is supposed to be allowed acces with an inmate legal assistant'paralegal from Mass. Pliantiff asked to be returned to his home state.

54. **(Exhibit Pa-49)** 5-15-18, Letter from Plaintiff to K. Camilleri asking that he be provided with Massachuseets Court Procedure dealing with how to file ineffective assistance of counsel claims and direct review, as well as procedures dealing with out of state transfer and access to the court to an out of state inmate and an inmate within the State of Massachusetts under C.M.R.

18

55. **(Exhibit Pa-50)** 5-25-18, Letter from Plaintiff to Kristyn Camilleri in which he requested Mass.Gen.C.124, 1 (power and duties of the commissioner); Mass.Gen.L.C.125 app. 2-1 (Interstate Correction Compact); Mass.Gen.L.c.127, 20 (Classificaion), 97 (inmate transfers), 97A (State/Federal transfers), 103 C.M.R. 420.14, 103 C.M.R. 478 Law Library, (h)(j) 103 CMR 420.08 (1-4) (H-J) 103 CMR 420.6.

56. **(Exhibit Pa-51)** 6-7-18, Letter from Joy Gallant to Plaintiff in regards to his letter dated May 9th, 2018 addressed to Commissioner Thomas A. Turco III regarding access to legal material and Pliantiffs appeal of his our of state placement. Ms. Gallant informed Plaintiff that his placement out of state is appropriate at this time and that his legal acces is in accoundance with 103 CMR478 Library Servies.

57. **(Exhibit Pa-52)** undated letter from Plaintiff to Thomas A. Turco III, in which the Plaintiff addressed his issues of lack of legal access.

58. **(Exhibit Pa-53)** undated leter from Kristyn Camilleri to Plaintiff in which she 20, enclosed; 103 DOC 419 Federal/Interstate Compact, 103 CMR 420 Classification, 103 CMR 478 Library Services, MGL c. 127 §§97 and 97A, MGL c. 127 §20, MGL c. 124 §1, the Massachusetts Department of Correction's Handbook for Massachusetts inmates Housed out of State under the Interstate Corrections Compact, and the Massachusetts Rules of Appellate Procedure. Plaintff received June 20th, 2018.

59. **(Exhibit Pa-54)** Classification Report.
60. **(Exhibit Pa-55)** 6-14-18, Federal/Interstate Compact.
61. **(Exhibit Pa-56)** Plaintiffs Classification Report.
62. **(Exhibit Pa-57)** Plaintiffs Boston Public Schools Records from the Office of Special Education.

63. Due to the grossly inadequate legal access to the courts defendants have provide. The plaintiff was seriously burdened by his lack of adequate access to his counsel and the courts. He has suffered a grievous loss. The policy and practice that these defendants has implemented has subjected plaintiff to a loss of meaningful access to the courts.

64. There was clear evidence from a neuropsychologist that testified at plaintiff's trial. That the plaintiff had a learning disability and through his years in school has attended special needs learning classes. The defendants transfer of plaintiff to an out of state prison without considering the loss of access to the court-deprived plaintiff of his constitutional right to equal protect of the law. Doctor also testified that while conducting a battery of psychological tests determined that the plaintiff had a full-scale I.Q. of 78. Which is in the seventh percentile and is at the borderline of mental retardation.

65. **(See Exhibit Pa-54)** Inquiry# NJSP19002566 – Dated 1/22/19, Plaitniff ask the Supervisor of Education Mr. Little if the New Jersey State Prison Law Library is equipped to help Plaintiff with Massachusetts criminal law. Ms. Little answered "We do not have any one that is well versed in Massachusetts criminal law." She futher instructed Plaintiff to contact Ms. Smith.

66. **Relief**

    Wherefore, the Plaintiff prays that this court grant him the following relief:

A) Issue a Declaratory Judgment declaring his right as it pertains to the grossly inadequate legal access that seriously burdening him to appeal his criminal conviction ("in a capitol murder).''

B) Grant the Plaintiff injunctive relief and order to be reheard in the State Court of Massachusetts.

C) Grant the Plaintiff injunctive relief and order his immediate return back to Massachusetts.

D) Award the Plaintiff punitive damages against each defendant, for $75,000.00, for the hardships he is enduring due to his out-of-state transfer without due process of law.

E) Award the Plaintiff compensatory damages, jointly and severally against each defendant in the amount of & 500.00 per day he is denied visitation with family and Friends, due to him being away from his community in a place his family and friends cannot visit him without undue hardship.

F) Award the Plaintiff punitive and compensatory damages in the amount of Seven Million dollars for denial of access to the courts and counsel due to his denial in criminal appeals within the Massachusetts State and Federal Courts respectively.

G) Award the Plaintiff Court cost and attorney fees.

H) Grant the Plaintiff any relief this Court deems just and equitable.

I) Plaintiff demands a trial by jury.

I declare under penalty that the forgoing is true and correct.

Signed this Feb 19, day of Feb 19, _____, 2019

_Joel DelaCruz_
Signature of plaintiff

21