UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE DELACRUZ,
         Plaintiff,

v.                       CIVIL ACTION NO. 19-10456-JCB

THOMAS A. TURCO, III et al.

         Defendants.

### MEMORANDUM AND ORDER

BOAL, M. J.                                                   May 15, 2019

For the reasons stated below, the Court denies without prejudice plaintiff's motion to proceed *in forma pauperis* (ECF No. 3), denies without prejudice plaintiff's motion for appointment of *pro bono* counsel (ECF No. 2), and orders the plaintiff to file an amended complaint.

## I. Background

On March 11, 2019, *pro se* prisoner plaintiff Jose DelaCruz ("DelaCruz"), currently a Massachusetts prisoner housed in New Jersey, filed a self-prepared complaint alleging inadequate access to prison library services. Compl., ECF No. 1. He names as defendants multiple current and former correctional officials. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis.* (ECF No. 3), and a motion for appointment of counsel (ECF No. 2).

## II. Discussion

### A. The Motion to Proceed In forma Pauperis

DelaCruz's motion to proceed in forma pauperis (ECF No. 3) is <u>DENIED</u> without prejudice inasmuch as he failed to include a prisoner account statement for the entire six-month period prior to the date of the filing of the complaint. 28 U.S.C. § 1915(a)(2). Without complete information,

the Court cannot assess the initial partial filing fee under 28 U.S.C. § 1915(b)(1). DelaCruz may have until June 17, 2019 to file a renewed motion to proceed *in forma pauperis*, and provide the complete prison account statement covering September 1, 2018 through March 11, 2019. Alternatively, DelaCruz shall pay the $400 filing fee.

B.   **Motion for Appointment of Counsel**

DelaCruz's motion for appointment of counsel (ECF No. 2) is <u>DENIED</u> without prejudice subject to renewal after the complaint is served and responses to the complaint are filed in this action. The Court may request an attorney to represent DelaCruz if it finds that: (1) he is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. *DesRosiers v. Moran*, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. 1915(e)(1). At this stage of the proceedings, DelaCruz's motion is premature, and he has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel. He may renew his motion for appointment of *pro bono* counsel if summonses are eventually issued and the defendants respond to the complaint.

C.   **Screening of the Complaint**

Regardless of the status of the filing fee, this Court must "review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Under Section 1915A, the Court must dismiss the complaint, or any part of it, if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In connection with this preliminary screening, DelaCruz's *pro se* Complaint is construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*,

404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

A complaint must include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). A complaint "should at least set forth minimal facts as to who did what to whom, when, where, and why..." *Educadores PuertorriqueZos en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The claims should be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count…" *Id.* While a pleading may include exhibits that are relevant to the claims, *see* Fed. R. Civ. P. 10(c), use of exhibits does not excuse plaintiff of his responsibility to clearly set forth the relevant allegations in the body of the complaint.

DelaCruz's complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Delacruz has presented his legal claim succinctly: he claims that due to his incarceration in New Jersey, Delacruz has insufficient access to Massachusetts legal materials and is therefore unconstitutionally denied access to Massachusetts state courts. Compl. 3 – 7. The supporting allegations, however, are presented as a sprawling chronological narrative

3

consisting primarily of references to correspondence spanning almost a decade. Compl. 7 - 20. DelaCruz names fourteen defendants in their official and personal capacities. There are no counts, but rather requests for various forms of relief apparently against all of the defendants at the end of the complaint. In its present form, the complaint does not afford the defendants a meaningful opportunity to mount a defense.

Accordingly, to the extent DelaCruz wishes to proceed, he must, by June 17, 2019, file an amended complaint that, in a short and plain manner, identifies the claims, the factual basis on which each claim rests, and relief he seeks as to each individual defendant and in what capacity. He should identify the acts or omissions attributable to each individual defendant. While an amended pleading may include exhibits that are relevant to the claims, it is not required. Use of exhibits, however, does not excuse DelaCruz of his responsibility to clearly set forth the relevant allegations in the body of the complaint.

### III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Delacruz's Motion for Leave to Proceed *in forma pauperis* is hereby <u>DENIED</u> without prejudice. **It is FURTHER ORDERED that Delacruz shall by <u>June 17, 2019</u> either pay the $400 filing fee or file a renewed motion to proceed in forma pauperis, including a <u>complete</u> prison account statement for the period September 1, 2018 through March 11, 2019.** The Clerk shall provide copy of form AO-240. The Clerk is directed to send a copy of this Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed as set forth above, as well as the average monthly balance for that same period.

2. DelaCruz's motion for appointment of counsel (ECF No. 2) is <u>DENIED</u> without prejudice to DelaCruz filing a renewed motion if summonses are eventually issued in this action and defendants respond to the amended complaint.

3. DelaCruz shall by **June 17, 2019** file an amended complaint curing the deficiencies as set forth above. No summonses shall issue pending further Order of the Court.

4. Failure to comply with this Order may result in dismissal of this action by a United States District Judge.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE